IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JEFFERY L. VAUGHN,

    Petitioner,

v.                                             Case No. 1:17-cv-1038-JDB-egb

GRADY PERRY,

    Respondent.

ORDER DISMISSING PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On March 9, 2017, Petitioner, Jeffery L. Vaughn, filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254 (the "Petition"). (Docket Entry ("D.E.") 1.) Respondent, Grady Perry, thereafter filed a motion to dismiss the Petition as untimely. (D.E. 12.) Vaughn did not file a brief in opposition to the motion to dismiss. On June 21, 2017, he moved to amend the Petition to add a claim. (D.E. 13.) By order dated October 10, 2017, the Court directed Petitioner to show cause within twenty-one days why the motion to dismiss should not be granted and, relatedly, why his motion to amend the Petition should not be denied as futile. (D.E. 14.) Although warned that failure to comply with the order would result in dismissal of his case under Federal Rule of Civil Procedure 41(b), Petitioner did not respond to the order and the time for doing so has expired.

Accordingly, the Petition is DISMISSED for failure to comply with the Court's order and for want of prosecution. The Clerk of Court is DIRECTED to enter judgment for Respondent.

## APPEAL ISSUES

A § 2254 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); FED. R. APP. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). If the district court rejects a claim on a procedural ground, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 478.

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a COA.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. FED. R. APP. P. 24(a). However, Rule 24(a) also provides that, if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reasons it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.

IT IS SO ORDERED this 9th day of November 2017.

s/ J. DANIEL BREEN<br>
UNITED STATES DISTRICT JUDGE